IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR MANUEL CORREA,

        Plaintiff,                  No. CIV S-09-2353 GGH P

   vs.

SACRAMENTO COUNTY SUPERIOR COURT,

        Defendant.              <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

The only defendant plaintiff has named in this case is the Sacramento County Superior Court. Complaint, pp. 1-2, 5. Plaintiff alleges that the court has failed to provide him with records/transcripts of his criminal case because he is unable to pay for the copies. Id., at 5. Plaintiff appears to be alleging that the failure to provide copies is predicated on his indigency and is a violation of his constitutional rights. Plaintiff makes reference to two prior cases filed in this court in an effort to show his need for such records and how the lack of access to such records is hindering (or has hindered) his ability to proceed in those cases.

The court takes judicial notice[1] of the cases identified, Case No. CIV-06-2779 MCE EFB P and Case No. CIV 09-1692 GGH P. Complaint, pp. 4-5. Case No. CIV-06-2779 was dismissed, pursuant to Fed. Civ. P. 42(b), apparently because plaintiff failed to comply with court orders and failed to prosecute that action. The gravamen of that case appears to have been defendants' alleged failure to protect plaintiff from a brutal assault by another inmate. In Case No. CIV 09-1692 GGH P, a purported action pursuant to 42 U.S.C. § 1983, wherein plaintiff named as defendants a Sacramento County Superior Court judge, a Sacramento County deputy district attorney and his own trial and appellate attorneys, the original complaint has been dismissed with leave to amend, as of October 1, 2009, based on, inter alia, Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). Thus, neither of the cases on which he relies as being negatively impacted by his alleged lack of access to his criminal court records appears to have affected those cases, given that the first action embraced an Eighth Amendment claim of failure

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

3

to protect for which such records would appear to be essentially irrelevant and in any event was apparently closed due to plaintiff's inaction, and, as to the second, there is no viable complaint pending. To the extent that he may seek to claim that the defendant is limiting his ability to file, for example, a habeas petition, plaintiff has failed here to frame a First Amendment claim of denial of access to the courts. The Supreme Court has held that before a denial of access to the courts claim can go forward, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Lewis v. Casey, 518 U.S. 343, 362, 116 S. Ct. 2174 (1996). To the extent that plaintiff is attempting to allege an ongoing due process violation, again, plaintiff must make a showing of specific prejudice. Collins v. Carey, 312 Fed. Appx. 74 (9th Cir. 2009). It is unclear what the basis for any habeas petition might be and is also not clear, for example, why plaintiff has failed to secure his trial court record from his state appellate counsel. This claim will be dismissed but plaintiff will be granted leave to amend but in doing he must name an appropriate defendant. See below.

In addition to failing to allege a colorable claim under § 1983 because he has failed to challenge a condition of his confinement in this action for money damages, see Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam),[2] plaintiff has failed to identify any apposite defendant. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139 (1979); Alabama v. Pugh, 438 U.S. 781, 98 S. Ct. 3057 (1978)(per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Sacramento County Superior Court is not an appropriate defendant, even had plaintiff framed a cognizable claim.

---

[2] "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id.

> Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment. See <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that " 'arms of the State' for Eleventh Amendment purposes" are not liable under § 1983); <u>Greater L.A. Council on Deafness, Inc. v. Zolin</u>, 812 F.2d 1103, 1110 (9th Cir.1987) (holding that state courts are arms of the state for Eleventh Amendment purposes).

<u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156, 1161. (9th Cir. 2003). The State of California not having consented to suit, plaintiff's claims against Sacramento County Superior Court are frivolous and must be dismissed.

Although it is not apparent to this court how plaintiff may be able to proceed on a cognizable claim against any appropriate defendant, the court will afford him an opportunity to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Plaintiff's request for leave to proceed in forma pauperis is granted.

        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

        3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: October 22, 2009

                                              /s/ Gregory G. Hollows
                                     UNITED STATES MAGISTRATE JUDGE

GGH:009
corr2353.bnf